UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIC B. PEARSON, | ) | CASE NO. 3:06 CV 2015 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| TERESA JANOWSKI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 22, 2006, plaintiff pro se Eric B. Pearson filed the above-captioned action under 42 U.S.C. § 1983 against ODRC Chief Inspector Cheryl Jorgensen-Martinez, ODRC Assistant Chief Inspector Rhonda Johnson, Toledo Correctional Institution ("TOCI") Warden Kellah Konteh, TOCI Deputy Warden of Administration Sue Brown, TOCI Deputy Warden of Operations Rob Jefferys, TOCI Cashier Administrator Felicita Jackson, TOCI Acting Institutional Inspector Carrie Spradlin, TOCI Cashier Teresa Janowski, TOCI Mailroom Supervisor Albert Presbery, and TOCI Mailrom Supervisor Kevin Fullenkamp. In the complaint, Mr. Pearson alleges that documents he intended to send to the Ohio Supreme Court were delayed by prison officials causing his appeal to be untimely. He seeks $1,000,000.00 in compensatory damages and $1,000,000.00 in punitive damages from each of the defendants. In addition, he asks this court to

enjoin the defendants from holding back his mail, issue an order requiring the Ohio Supreme Court to accept his belated filing, and then remove that case to the federal court for disposition.

## Background

On January 11, 2001, Mr. Pearson filed a lawsuit in the Ohio Court of Claims to contest the confiscation of his personal property by Mansfield Correctional Institution officials. During the pendency of that lawsuit, he was transferred to TOCI. The Court of Claims case was dismissed on December 21, 2001. He appealed that decision to the Ohio Tenth District Court of Appeals on June 11, 2002. The decision of the Court of Claims was affirmed on September 24, 2002.

Thereafter, Mr. Pearson sought to appeal the decision to the Ohio Supreme Court. He contends that on November 5, 2002, at approximately 4 p.m., he placed envelopes clearly marked as "legal mail" in the TOCI mail system. One of those envelopes contained his appeal to the Ohio Supreme Court. The other contained copies of Motions to be served on an Ohio Assistant Attorney General. He indicated he attached cash slips to both envelopes. Mr. Pearson claims the cash slip for the parcel addressed to the Assistant Attorney General was processed on November 7, 2002. He claims that his cash slip for his appeal to the Ohio Supreme Court was not processed until November 12, 2002. He indicates his appeal was returned to him, unfiled, by the Ohio Supreme Court Clerk, because it was untimely. Mr. Pearson asserts he was denied access to the courts, due process, and equal protection of the law.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

2

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

This complaint represents plaintiff's second attempt to bring this matter before the court. On March 8, 2004, plaintiff filed Case No.3:04 CV 7105 (N.D. Ohio) asserting substantially similar claims against these defendants based on this same set of facts. That case was assigned to United States District Judge James G. Carr, who dismissed the case on its merits on June 9, 2004.

The doctrine of <u>res judicata</u> dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. <u>Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. <u>Id.</u> The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. <u>Westwood Chemical Co. v. Kulick</u>, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a <u>res judicata</u> bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this

---

[1] An <u>in forma pauperis</u> claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

matter for a second time.

Moreover, even if Mr. Pearson could bring a second action, his claims would be barred by the applicable statute of limitations period. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in 2002. His final grievance was denied on February 10, 2003. This action was filed on August 22, 2006, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4